UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DESSIE S. OLIVEIRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-204-HBG |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Deputy Commissioner for Operations, | ) | |
| performing the duties and functions not | ) | |
| reserved to the Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 18]. Now before the Court is Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 15 & 16] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 19 & 20]. Dessie S. Oliveira ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Nancy A. Berryhill ("the Commissioner"). For the reasons that follow, the Court will **DENY** Plaintiff's motion and **GRANT** the Commissioner's motion.

**I.  PROCEDURAL HISTORY**

On August 7, 2014, Plaintiff filed an application for supplemental security income benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, claiming a period of disability that began on March 22, 2015, the amended onset date. [Tr. 22, 48, 168-74]. After her application was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ. [Tr. 108]. A hearing was held on July 25, 2016. [Tr. 36-59]. On September 29, 2016, the

ALJ found that Plaintiff was not disabled. [Tr. 22-30]. The Appeals Council denied Plaintiff's request for review [Tr. 1-4], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on May 5, 2017, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.    ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant has not engaged in substantial gainful activity since March 22, 2015, the alleged onset date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: disorder of the back, osteoarthritis in the left shoulder, depressive disorder, unspecified anxiety disorder (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except that the claimant can do no more than frequent climbing of ramps and stairs; no more than occasional climbing ladders, ropes, or scaffolds; no more than frequent balancing, stooping, kneeling, crouching, or crawling; no more than frequent overhead reaching with the left upper extremity; must avoid concentrated exposure to extreme heat and avoid all hazards; limited to 1, 2, 3-step instructions with no more than occasional contact with supervisors, coworkers, and the public with changes introduced gradually and infrequently.
>
> 5. The claimant is capable of performing past relevant work. This work does not require performance of work-related activities precluded by the claimant's residual functional capacity. (20 CFR 416.965).

> 6. The claimant has not been under a disability, as defined in the Social Security Act, since March 22, 2015, the amended onset date, through the date of this decision (20 CFR 416.920(g)).

[Tr. 24-30].

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v.*

*Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## IV. DISABILITY ELIGIBILITY

"Disability" is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§ 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. § 416.920(a)(4), -(e). An RFC is the most a claimant can do despite his limitations. § 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V.    ANALYSIS

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence, because the ALJ did not properly assess and weigh the medical opinion of consultative examiner, Jeffrey Uzzle, M.D. [Doc. 16 at 8-11].

Dr. Uzzle examined Plaintiff on November 22, 2014, at which time Plaintiff complained of back pain, high blood pressure, arthritis in the lower back and shoulders, a learning disability, major depression with psychotic features, and panic disorder. [Tr. 272]. An X-ray of the lumbosacral revealed moderate degenerative disc changes at L5-S1, normal spinal alignment with no spondylolisthesis or sign of fracture, and SI joins appeared patent. [*Id.*]. A left shoulder x-ray was also performed, revealing moderate acromioclavicular joint osteoarthritis. [*Id.*]. On physical examination, Plaintiff had normal station, gait, toe walking, heel walking, tandem walking, and deep knee bends despite some mild hammertoe deformities and signs of chronic arterial insufficiency in both feet. [Tr. 273]. Musculoskeletal findings were unremarkable, including negative straight leg raise testing in the seated and supine position bilaterally, full range of motion in all joints, including the spine and both shoulders, negative Phalen's and Tinel's tests bilaterally,

5

and negative Patrick's maneuver bilaterally. [Tr. 274]. As for neurological findings, Plaintiff likewise exhibited normal findings, including no atrophy, normal reflexes, strength, sensation, and muscle tone in all four extremities. [*Id.*].

Dr. Uzzle completed a form opinion entitled, "Medical Source Statement of Ability to Do Work-Related Activities (Physical)," wherein he opined on Plaintiff's physical ability to perform different work-related functions on a regular and continuous basis. [Tr. 275-80]. Dr. Uzzle opined that Plaintiff could lift or carry up to 10 pounds continuously, up to 20 pounds frequently, and up to 50 pounds occasionally; she could sit for six hours total and two hours at one time, stand for four hours total and one hour at one time, and walk for four hours total and one hour at one time; she could use her hands frequently to reach, handle, finger, feel, and push and pull; she could use her feet frequently to operate foot controls; she could perform all postural activities frequently; and could be exposed to pulmonary irritants continuously and unprotected heights, moving mechanical parts, operation of a motor vehicle, and vibrations frequently. [Tr. 275-79].

In the disability decision, the ALJ summarized the forgoing functional limitations and specifically characterized Dr. Uzzle's lifting and carrying restriction as an ability to "lift and carry at the medium level." [Tr. 28]. The ALJ then assigned "little weight" to the limitations regarding Plaintiff's ability to stand, walk, and use her feet "because the claimant performed all gait maneuvers adequately and she had normal sensation, strength, and reflexes in her lower extremities." [*Id.*]. As to the rest of Dr. Uzzle's opinion, the ALJ assigned "some weight" to the remaining limitations. [*Id.*].

Medical opinions from nontreating medical sources are never assessed for controlling weight but are evaluated using the regulatory balancing factors set forth in section 416.927(c)(1)-(6). *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. §

404.1527(c)).  That is, such opinions are weighed "based on the examining relationship (or lack thereof), specialization, consistency, and supportability."  *Gayheart*, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)).  "Other factors 'which tend to support or contradict the opinion' may be considered in assessing any type of medical opinion."  *Id.* (quoting 20 C.F.R. § 404.1527(c)(6)).

Plaintiff's first assignment of error alleges that "the ALJ improperly rejected Dr. Uzzle's opined limitations regarding Plaintiff's ability to stand and walk based upon his own lay interpretation of the clinical findings."  [Doc. 16 at 8].  Plaintiff contends that the ALJ offers no support for rejecting these limitations, and that the ALJ ignored other relevant findings, including Plaintiff's x-ray and foot deformities, which support the limitations assessed by Dr. Uzzle.  [*Id.* at 9-10].  The Court finds no merit in Plaintiff's contention.

"The 'playing doctor' prohibition comes into play when the ALJ 'either reject[s] a doctor's medical conclusion without other evidence [or] draw[s] medical conclusions himself about a claimant without relying on medical evidence.'"  *Hill v. Astrue*, No. 5:12CV-00072-R, 2013 WL 3293657, at *3 (W.D. Ky. June 28, 2013), *aff'd sub nom.*, *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547 (6th Cir. 2014) (quoting *Armstrong v. Barnhart*, 287 F.Supp.2d 881, 887 (N.D. Ill. 2003)).  Here, the ALJ cited to objective testing and examination findings that failed to support Dr. Uzzle's standing and walking limitations.  *See* 20 C.F.R. § 416.927(c)(3); *see also Luukkonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393, 401-02 (6th Cir. 2016) ("SSA regulations provide ALJs with the authority to disagree with medical experts' opinions on the ultimate question of a claimant's capacity to work. . . .").  Plaintiff's moderate degenerative changes on x-ray and some noted foot deformities fail to undermine the ALJ's decision where Plaintiff nonetheless exhibited normal station and gait, performed toe walking, heel walking, tandem walking, and deep knee bends without difficulty, was negative on clonus, Babinski, and Romberg testing, and exhibited

7

full strength and range of motion throughout. Because the ALJ alone is tasked with the responsibility of assessing a claimant's RFC, 20 C.F.R. § 416.1546(c), the "ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding," *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009).

Furthermore, substantial evidence supports the ALJ's rejection of Dr. Uzzle's standing and walking limitations based on the ALJ's assignment of great weight to the medical opinions of two nonexamining state agency physicians who opined that Plaintiff could perform a reduced range of medium work. [Tr. 28]; *see* Soc. Sec. Rul. 96–6p, 1996 WL 374180, at *3 (July 2, 1996) ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources."). On December 2, 2014, at the initial level, Carolyn Parrish, M.D., opined that Plaintiff could lift and carry up to 50 pounds occasionally and up to 25 pounds frequently; she could stand, sit and walk for six hours each in an eight-hour workday; she had unlimited ability to push or pull within the foregoing weight restrictions; she could frequently perform all postural activities except occasionally climb ladders, ropes, and scaffolds; and she could reach overhead frequently but had unlimited use of her hands to handle, finger, and feel. [Tr. 68-71]. On March 3, 2015, at the reconsideration level, Lisa Mani, M.D., opined identical functional limitations. [Tr. 86-90]. The ALJ found these opinions consistent with Dr. Uzzle's examination findings and Plaintiff's ability to perform gait maneuvers without difficulty. [*Id.*]. Dr. Parrish and Dr. Mani both concluded that Dr. Uzzle's findings, as well as Plaintiff's subjective allegations, were not entirely credible given the normal examination findings in addition to the fact that Plaintiff had not sought treatment for any of her impairments and alleged disabling

conditions. [Tr. 70, 89]; *see* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *7-8 (July 2, 1996) (stating that an "individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints"). Accordingly, the Court finds that the ALJ did not rely on his own interpretation of the medical evidence in rejecting Dr. Uzzle's standing and walking limitations.

As to her second assignment of error in weighing Dr. Uzzle's opinion, Plaintiff argues that the ALJ made "a harmful misstatement of the evidence" when he characterized Dr. Uzzle's lifting and carrying restriction as an ability to "lift and carry at the medium level." [Doc. 16 at 10]. Plaintiff submits that Dr. Uzzle's limitation of frequent lifting and carrying up to 20 pounds is inconsistent with the requirements of medium work. [*Id.*]. The Court agrees but finds the misstatement harmless. *See Wilson*, 378 F.3d at 547 (an error is harmless and will not result in remand "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses"). While medium work requires being able to lift and carry up to 25 pounds frequently, 20 C.F.R. § 416.967(c), opposed to 20 pounds as opined by Dr. Uzzle, the ALJ did not defer to Dr. Uzzle's lifting and carrying limitation but only assigned some weight to this portion of the opinion. Instead, Plaintiff's RFC reflects the findings of Dr. Parrish and Dr. Mani, who opined that Plaintiff can lift and carry up to 25 pounds frequently and whose opinions received great weight from the ALJ. Therefore, the ALJ's misstatement regarding the lifting and carrying requirement of medium work in summarizing Dr. Uzzle's opinion is inconsequential to the Court's substantial evidence analysis. *See Simonetta v. Comm'r of Soc. Sec.*, No. 13-10607, 2014 WL 806416, at *4 (E.D. Mich. Feb. 28, 2014) ("Just as no trial is perfect, no administrative hearing or opinion is either; thus, in analyzing an ALJ's decision, a reviewing court is to look for fatal gaps or contradictions and not nitpick in search of essentially

meaningless missteps.") (cleaned up).[1]

Finally, because the Court finds that the ALJ's RFC determination is supported by substantial evidence, the Court finds no merit in Plaintiff's final contention [Doc. 16 at 11] that the ALJ should have found at step four that Plaintiff was only capable of light exertional jobs or, at step five, that the ALJ should have presented a hypothetical question to the vocational expert that incorporated the lifting and carrying restriction opined by Dr. Uzzle. *See Parks v. Soc. Sec. Admin.*, 413 F. App'x 856, 865 (6th Cir. 2011) ("Hypothetical questions . . . need only to incorporate those limitations which the ALJ has accepted as credible.").

## VI.   CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment [**Doc. 15**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 19**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

_____
United States Magistrate Judge

---

[1] *See United States v. Joiner*, No. 16-6833, 2018 WL 1211942, at *4 (6th Cir. Mar. 8, 2018) (using "cleaned up" parenthetical to remove internal quotations and alterations to the language of the cited court opinion).